[S. F. No. 889.   Department One.—January 15, 1898.]

MARY E. DITTRICH, Appellant, v. JESSE GOBEY and ELMIRA GOBEY, Executor and Executrix, etc., Respondents.

CONTRACT BETWEEN DIVORCED PARENTS—CUSTODY OF DAUGHTER BY FATHER—RETURN TO MOTHER AT MAJORITY—LIQUIDATED DAMAGES—VOID STIPULATION.—A contract entered into between divorced parents by the terms of which the custody of a minor daughter, which had been awarded to the mother, was transferred to the father, who agreed to bear the expenses of her support and education until she reached the age of eighteen, and then to return her to her mother, and, in case of violation of any provision of the contract by him, agreed to restore the daughter to her mother free of expense, and for any failure to do so to become liable to the mother in the sum of one thousand dollars as liquidated damages, if construed as importing anything more than an agreement to allow and afford facilities to the daughter to return to the mother at the age of majority, if she chose to do so, and as imposing an unconditional obligation to return her to her mother at the age of eighteen at all events, is to that extent void, and the stipulated damages cannot be recovered for its breach.

ID.—STIPULATION INFRINGING PERSONAL LIBERTY.—The right of freedom from personal constraint is perfect at the age of majority, and no parent has a right to the custody of a child thereafter; and a stipulation to restore a daughter to the custody of a mother at the age of eighteen, *nolens volens*, is as much a contract to infringe the personal liberty of the daughter as if the period fixed had been twice or thrice that age, and is unlawful.

ID.—CONTRACT NOT ALTERNATIVE.—A contract in the alternative when not in terms providing otherwise, allows the right of election to the party on whom rests the obligation of performance; and there being nothing in the language of the agreement indicative of a purpose to allow

the father to choose whether he would restore the child or pay a pecuniary mulct instead, and no option to pay the penalty and be rid of the obligation to return the custody of the daughter being permitted by the terms of the agreement, the contract cannot be considered as an alternative one to return the child at her majority to her mother, or to pay her one thousand dollars.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion.

Graves & Graves, and Edward P. Cole, for Appellant.

Pierson & Mitchell, for Respondents.

BRITT, C.—Plaintiff, Mary E. Dittrich, was formerly the wife of one Frank Gobey; they were divorced by a judgment of the superior court of the city and county of San Francisco rendered in the year 1880, and by the terms of such judgment the custody of their minor daughter, Camille Gobey, was awarded to the wife. On May 10, 1883, said divorced parties entered into a contract in writing providing for the transfer of the custody of said Camille to her father until she should become eighteen years of age. Among numerous other stipulations of such contract it was agreed that said Frank should bear the charge of the child's education and support, traveling and other expenses, "and upon the expiration of the term aforesaid, to wit, when said Camille arrives at the age of eighteen years, return her to her mother, Mary E. Gobey"; also that in case of violation of any provision of the contract, the said Frank "shall restore said Camille to her mother free of expense," and for any failure to do so should be liable to the said Mary in the sum of one thousand dollars, as liquidated damages, and for all expenses of legal proceedings which said Mary might institute to repossess herself of the person of said Camille. The child became eighteen years of age on September 24, 1892; her father offered to allow her to return to her mother, but she expressly refused to go. Said Mary made formal demand on the father for restoration of her daughter; he failed to comply, and afterward died. This is an action against his executor and executrix to recover the sum of one thousand dollars, claimed as the

penalty for breach of said contract. Defendants had judgment in the court below.

In the particular of the contract which gives rise to this dispute, viz., that concerning the restoration of Camille to the plaintiff when the former should reach the age of eighteen years, we doubt whether more is reasonably imported by the instrument than that the father would then afford facilities to the daughter for return to her mother in case she desired to return. If, however, the contract is to be understood as an unconditional agreement on the part of Frank Gobey to return Camille at the age of eighteen years to the plaintiff, then it was to that extent void. For at that age the daughter attained her majority; her right of freedom from personal restraint was then as perfect as it could ever become; and her mother's right to her custody was at an end. (Civ. Code, secs. 25, 43, 204.) A stipulation to 'restore' the daughter, *nolens volens,* when she should be eighteen years old was as much a contract to infringe her personal liberty as if the age fixed had been thirty-six or fifty-four years, and was unlawful. (Civ. Code, secs. 43, 1667.)

There is no sufficient ground for the view advanced by plaintiff that the contract was alternative—to return the child at her majority to her mother, or to pay one thousand dollars. A contract in the alternative, when not in terms providing otherwise, allows the right of election to the party on whom rests the obligation of performance (Civ. Code, sec. 1448); and there is no language in the instrument before us indicative of a purpose to allow the father to choose whether he would restore the child, or pay a pecuniary mulct instead. On the contrary the contract is plain to the effect that besides the penalty named, the father should pay the cost of legal proceedings by the mother to regain custody of the daughter; so that obviously no option to pay the penalty and be rid of the obligation was allowed to him. The judgment should be affirmed.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Garoutte, J., Van Fleet, J., Harrison, J.